UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| W. MATHIS, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> UNITED STATES PAROLE COMMISSION, *et al.*, <br><br> *Defendants*. | Civil Action No. 24-1312 (TNM) |

**ANSWER**

Defendants the United States Parole Commission (the "Commission"), the Court Services and Offender Supervision Agency ("CSOSA"), Patricia K. Cushwa in her official capacity as Acting Chairman of the Commission, and Richard S. Tischner in his official as Director of CSOSA, by and through undersigned counsel, respectfully submit this Answer to Plaintiffs' Complaint (EFC No. 1), in this case alleging discrimination. All allegations in the Complaint, including the relief sought, are denied except when specifically admitted. To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants respectfully refer this Court to those materials for a complete and accurate statement of their contents and deny any allegations inconsistent therewith; such referral is not intended to be, and should not be construed as, an admission that the cited materials are (1) correctly cited or quoted by Plaintiffs, (2) relevant to this, or any other, action, or (3) admissible in this, or any other, action.

In answer to the Complaint, Defendants admit, deny, or otherwise aver as follows:

1

## PRELIMINARY STATEMENT[1]

The unnumbered paragraphs in this section consist of Plaintiffs' characterization of this lawsuit, legal conclusions, and statements redundant to the numbered allegations, to which no response is required. To the extent a response is required, Defendants deny all the allegations in this section and aver that their responses to the numbered paragraphs below control.

## JURISDICTION AND VENUE

1. This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Defendants admit that this Court has jurisdiction over this matter subject to the terms and limitations of the Rehabilitation Act of 1973, 29 U.S.C. § 794.

2. This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Defendants admit that venue is proper in this district.

## PARTIES

3. This paragraph contains allegations regarding a party as to whom the claims have been voluntarily dismissed (ECF No. 34) and to which no response is required.

4. Defendants admit only that Plaintiff Davis is a Black man on lifetime parole in Washington, D.C. Defendants lack knowledge or information sufficient to form a belief as to the remainder of the allegations in the first sentence of this paragraph. Defendants deny the allegations in the remainder of this paragraph. Answering further, Defendants aver that Davis was released back to parole supervision on August 2, 2024, after serving a violator term for violating the conditions of his parole.

5. Admit.

---

[1] Defendants include herein some of the headings listed in the Complaint. Any headings are included solely to assist in reading the pleadings and Defendants do not admit the accuracy of these headings.

6. Admit.

7. Admit.

8. Admit.

## BACKGROUND

9. This paragraph consists of Plaintiffs' characterization of this lawsuit, to which no response is required. To the extent a response is required, Defendants admit that the Commission and CSOSA supervise individuals on parole or supervised release.

10. Admit.

11. Admit.

12. Admit.

13. Defendants admit only that the Commission and CSOSA work in tandem to set conditions of supervision. Defendants deny the remaining allegations of this paragraph; answering further, the Commission avers that its decisions regarding re-incarceration are independent and are based on its handling of the functions of the D.C. Board of Parole in matters of parole and of the D.C. Superior Court in matters of supervised release.

14. Defendants admit the allegations in the first two sentences of this paragraph. In response to the third sentence of this paragraph, Defendants admit only that the Commission may issue arrest warrants when it determines that there is reliable information indicating that an offender violated his or her conditions of release; Defendants deny the remaining allegations in the third sentence of this paragraph. In response to the fourth sentence of this paragraph, Defendants admit only that the Commission holds hearings at the D.C. Jail (and, answering further, avers that it also holds hearings at other relevant facilities outside the District of Columbia), at which hearings it makes determinations about whether to revoke an individual's parole or supervised release and whether to impose a term of incarceration and, if so, whether to impose

additional supervision upon release.

15. Admit.

16. Denied. Answering further, Defendants aver that CSOs may alert the Parole Commission when an individual has failed to comply with his or her conditions of supervision, and that the Commission then determines whether to issue a warrant and hold a probable cause hearing and, if there is probable cause, a subsequent revocation hearing, after which the hearing examiner makes a recommendation as to revocation and a Commissioner makes the ultimate decision.

17. Defendants admit the allegations in the first sentence of this paragraph. In response to the second sentence of this paragraph, Defendants admit only that violator terms can be the result of administrative violations of the conditions of release and that such violations are sometimes known as "technical violations"; Defendants deny the remaining allegations of the second sentence of this paragraph.

18. Admit.

19. Admit.

20. This paragraph consists of Plaintiffs' characterization of an academic study, to which no response is required; to the extent a response is required, Defendants respectfully refer the Court to that study for a complete and accurate statement of its contents and deny any allegations in this paragraph inconsistent therewith.

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph; to the extent Plaintiffs rely on an academic study, Defendants respectfully refer the Court to that study for a complete and accurate statement of its contents and deny any allegations in this paragraph inconsistent therewith.

22. Admit.

23. Admit.

24. Defendants admit only that CSOSA's estimate is that the average person on parole is expected to remain under supervision for up to twenty-two years. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph; to the extent Plaintiffs rely on academic studies and articles, Defendants respectfully refer the Court to those documents for a complete and accurate statement of their contents and deny any allegations in this paragraph inconsistent therewith.

25. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

26. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

27. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

28. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

29. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

30. This paragraph consists of legal conclusions to which no response is required.

31. This paragraph consists of legal conclusions to which no response is required.

32. This paragraph consists of legal conclusions to which no response is required.

33. This paragraph consists of legal conclusions to which no response is required.

34. This paragraph consists of legal conclusions to which no response is required.

35. This paragraph consists of legal conclusions to which no response is required.

36. Denied.

37. Defendant admits only that the Commission imposes standard baseline conditions as required by the D.C. Code and by federal statute, and that it imposes special conditions or modifications of the standard conditions as necessary or upon the request of the offender, the offender's counsel, or CSOSA, in order to assist the offender with adapting to being in the community and becoming a law-abiding citizen.

38. Admit.

39. Admit.

40. This paragraph consists of legal conclusions to which no response is required. Answering further, Defendants deny that the Commission relies solely upon automated tools and deny that CSOSA does not make determinations on reasonable accommodations in addressing disability-related obstacles to compliance.

41. Denied.

42. Defendants admit only that the Commission has no policy requiring the consideration of disabilities when supervision requirements are first imposed; Defendants deny the remaining allegations in this paragraph.

43. Admit.

44. Admit.

45. Defendants admit only that individuals on supervision and their attorneys are not always present when conditions of parole or supervised release are imposed. Defendants deny the remaining allegations in this paragraph..

46. Defendants admit only that the Commission imposes special conditions to provide

for enhanced mental health treatment for those with mental health conditions in order to assist with their transition into the community and to protect the offenders and the public; Defendants deny the remaining allegations in this paragraph.

47. Denied.

48. Denied.

49. Defendants admit only that CSOs can request that an individual be arrested and submit an AVR to the Commission requesting that it initiate revocation proceedings based on failure to comply with supervision conditions. Defendants deny the remaining allegations inf this paragraph.

50. Denied.

51. Denied.

52. Denied. Answering further, Defendants aver that the Commission does not systemically fail to adapt supervision conditions to known disability related needs and aver that the Commission does not have a role in changing the specifics of how parole and supervised release conditions are carried out in practice by CSOSA. Defendants also aver that there is no systemic expectation that individuals on parole or supervised release will follow release conditions in the absence of reasonable accommodations for known disabilities.

53. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

54. Denied.

55. Admit the first sentence of this paragraph. In response to the second sentence of this paragraph, Defendants admit only that CSOSA has identified 17% of the individuals it supervises as meeting the agency's definition as having a "mental disability," and that the

identifications rely on self-reporting. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

56. Admit.

57. Denied. Answering further, Defendants aver that the Commission has a system in which the offender, CSOSA, or the offender's attorney may request an accommodation and the Commission then considers whether the accommodation is necessary and suitable.

58. Denied.

59. Defendants deny the allegations in the first sentence of this paragraph. The remainder of this paragraph consists of legal conclusions to which no response is required.

60. This paragraph consists of legal conclusions to which no response is required.

61. Admit.

62. Defendants deny that a finding of a violation of a condition of parole or supervised release could itself result in an extension of the term of supervision. Defendants admit that a period in which an individual has absconded from supervision cannot count towards that individual's time on parole or supervised release because they were not under supervision during that period. Defendants admit the allegations in the third sentence of this paragraph. Defendants admit that D.C. Code offenders who have been on parole for five years are entitled to a hearing to evaluate whether their parole should be terminated early, subject to the regulatory standards. Defendants admit that D.C. Code offenders must successfully be on parole for five years in order to be eligible for early termination of their parole and, therefore, a revocation of parole for a violation of parole conditions means that any time spent on parole prior to that revocation does not count towards five successive years of successful parole supervision. Defendants deny the remaining allegations in this paragraph.

63. Admit.

64. Admit.

65. Admit.

66. Defendants admit the allegations in the first sentence of this paragraph. Defendants deny that the Commission has a policy of reinstatement to supervision based on supervision conditions that it has been made aware do not reasonably accommodate known, disability-related needs of the offender.

67. Defendants admit only that individuals awaiting revocation hearings can be detained in the D.C. Jail while awaiting those hearings. Defendants deny the remaining allegations of this paragraph.

68. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph; to the extent Plaintiffs rely on an article, Defendants respectfully refer the Court to that article for a complete and accurate statement of its contents and deny any allegations in this paragraph inconsistent therewith.

69. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

70. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

71-94. These paragraphs contain allegations regarding a party as to whom the claims have been voluntarily dismissed (ECF No. 34) and to which no response is required.

95. Defendants admit only that Plaintiff Davis is a Black man; answering further, Defendants aver that Mr. Davis was released from prison on August 2, 2024, after serving his violator term and that he has now turned forty-nine.

96. Defendants admit only that more than thirteen years have passed since Mr. Davis was first released on parole; answering further, Defendants aver that Mr. Davis is currently on parole following his release from prison on August 2, 2024.

97. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

98. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

99. Defendants deny the allegations in the first sentence of this paragraph and aver that the parole conditions were explained to Mr. Davis upon his release. Defendants admit the allegations in the second sentence of this paragraph.

100. Defendants admit only that neither Mr. Davis nor his attorney were present when CSOSA determined the specific release conditions applicable to his parole.

101. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

102. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

103. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

104. Denied. Answering further, the Commission avers that it was not aware of Mr. Davis's disability-related limitations prior to or during his revocation proceedings; CSOSA avers that it was not made aware that Mr. Davis was having trouble remaining compliant with supervision requirements due to his stated disabilities.

105. Defendants admit only that they do not have a record of asking whether Mr. Davis's

disabilities make it harder to follow his supervision rules or if he needs reasonable accommodations or of advising him of a right to reasonable accommodations. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph insofar as Mr. Davis may have otherwise been asked or advised of such matters.

106. Admit.

107. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

108. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

109. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

110. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

111. Admit.

112. Admit.

113. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

114. Defendants admit the allegations in the first three sentences of this paragraph. Defendants deny the allegations in the final sentence of this paragraph; Defendants aver that, as of August 2, 2024, Mr. Davis has been released from prison after serving his violator term.

115. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

116. Denied. Answering further, Defendants aver that they are complying with the

Court's order granting preliminary injunctive relief to Mr. Davis.

117-128. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in these paragraphs; answering further, Defendants aver that the allegations in these paragraphs are irrelevant and do not aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

## CLASS ALLEGATIONS

129-138. These paragraphs consist of legal conclusions to which no response is required.

## CLAIM FOR RELIEF

139. This paragraph consists of legal conclusions to which no response is required.

140. This paragraph consists of legal conclusions to which no response is required.

141. This paragraph consists of legal conclusions to which no response is required.

142. This paragraph consists of legal conclusions to which no response is required.

143. This paragraph consists of legal conclusions to which no response is required.

144. This paragraph consists of legal conclusions to which no response is required.

145. This paragraph consists of legal conclusions to which no response is required.

146. This paragraph consists of legal conclusions to which no response is required.

147. This paragraph consists of legal conclusions to which no response is required.

148. Defendants admit the allegations of the first sentence of this paragraph. In response to the second sentence of this paragraph, Defendants admit only that, as a result of this lawsuit, they have been made aware of Mr. Davis's disabilities and his allegations that he requires reasonable accommodations to have an equal opportunity to succeed on supervision. Defendants deny the remaining allegations of this paragraph.

149. Defendants admit only that they do not have an official, standardized system for

these assessments, nor do they have a formal process through which an individual may seek such accommodations; Defendants deny the remaining allegations of this paragraph.

150. Defendants admit that they have not put in place any guidance, instructions, or policies requiring assessing people's disability-related accommodation needs when initially setting supervision requirements, requiring provision of reasonable accommodations for people's disabilities as they become known, or providing a means by which people with disabilities can request reasonable accommodations. Defendants deny the remaining allegations in this paragraph.

151. Deny.

152. In response to the first sentence of this paragraph, Defendants admit that at the time Defendants created and imposed Plaintiffs' conditions of supervision, Defendants did not assess whether Plaintiffs had disability-related limitations; did not assess whether Plaintiffs might need reasonable accommodations to have an equal opportunity to succeed on supervision; and did not assess what individualized accommodations, if any, Plaintiffs required. The remaining allegations in the first sentence of this paragraph consist of legal conclusions to which no response is required. Defendants deny the allegations in the second sentence of this paragraph; answering further, Defendants aver that they are complying with the Court's order granting preliminary injunctive relief to Mr. Davis.

153. This paragraph consists of legal conclusions to which no response is required.

154. This paragraph consists of legal conclusions to which no response is required.

155. This paragraph consists of legal conclusions to which no response is required.

**RELIEF REQUESTED**

The remainder of the Complaint, including subparagraphs, consist of Plaintiffs' prayer for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested, or to any relief whatsoever.

**DEFENSES**

Defendants allege the following additional defenses to the Complaint. In asserting these defenses, Defendants do not assume the burden to establish any fact or proposition where that burden is properly imposed upon Plaintiffs. Defendants reserve the right to amend, alter, and supplement the defenses contained in this Answer as facts and circumstances giving rise to this Complaint become known to Defendants through the course of this litigation.

FIRST DEFENSE

Plaintiffs fail to state a claim upon which relief can be granted.

SECOND DEFENSE

Defendants are entitled to all immunities available under Federal constitutional, statutory, and decisional law.

THIRD DEFENSE

To the extent the Complaint alleges background facts unnecessary to Plaintiff's claims, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f).

*   *   *

Dated: September 23, 2024
Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:    /s/ Kartik N. Venguswamy
KARTIK N. VENGUSWAMY
D.C. Bar #983326
Assistant United States Attorney
601 D Street, NW
Washington, D.C. 20530
Tel: (202) 252-1790
kartik.venguswamy@usdoj.gov

*Attorneys for the United States of America*