UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM MATHIS AND KENNEDY DAVIS, *individually and on behalf of all others similarly situated*<br><br>Plaintiffs,<br><br>v.<br><br>U.S. PAROLE COMMISSION, et al.,<br><br>Defendants. | Civil Action No. 1:24-cv-01312-TNM |

**JOINT MEET AND CONFER REPORT**

Plaintiff Kennedy Davis and Defendants United States Parole Commission ("Commission"), Acting Chairman of the Commission Patricia Cushwa, Court Services & Offender Supervision Agency ("CSOSA"), and CSOSA Director Richard Tischner (collectively, "Defendants"), by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure 26(f) and Local Civil Rule 16.3, hereby submit this Joint Meet and Confer Report. The parties met and conferred on October 1, 2024, and exchanged emails thereafter to discuss the scheduling of discovery and other matters required by Local Civil Rule 16.3(c). The matters discussed by the parties are set forth below and a proposed scheduling order is attached.

**Plaintiff's Statement of the Case**

Plaintiffs brought this class action to challenge the Commission's and CSOSA's systematic failure to accommodate people with disabilities on parole and supervised release (collectively, "supervision"), as required by Section 504 of the Rehabilitation Act of 1973. Plaintiffs simultaneously filed motions for preliminary injunctive relief and class certification. Defendants opposed the motion for preliminary injunctive relief and subsequently filed a motion to dismiss,

1

which Plaintiffs opposed. On September 5, 2024, the Court denied Defendants' motion to dismiss and granted Plaintiffs' motion for a preliminary injunction as to named Plaintiffs. The Court rejected Defendants' efforts to dismiss the case, concluding that Plaintiffs had a right to sue in equity under *Armstrong v. Exceptional Child Center, Inc.*, 575 U.S. 320, 326-27 (2015). *See* Dkt. 31 ("PI Op.") at 2, 12, 22-25. The Court concluded that Plaintiffs had shown they were likely to succeed on the merits and that Defendants had irreparably "injured them by requiring them to navigate supervision without offering reasonable accommodations," thereby depriving them of "equal access" to the benefits of supervision. PI Op. at 2, 9-12, 25-26. Accordingly, the Court directed Defendants to "assess what reasonable accommodations named Plaintiffs require to have an equal opportunity to succeed on supervision" and to "provide any and all such required accommodations." Dkt. 32 ("PI Order") at 1. The parties are currently briefing Plaintiff's renewed motion for class-certification.

**Defendants' Statement of the Case**

Defendants reiterate the fact that Plaintiff has no private right of action to bring suit against Defendants, as this Court has found. Mem. Op. (ECF No. 31) at 13. And although Defendants concede that this Court found that Plaintiff was "likely to succeed on the merits" in granting the preliminary injunction, Defendants do not concede—and in fact contest—that Plaintiff will actually succeed on the merits after discovery, especially in light of the fact that Defendants are currently opposing Plaintiff's motion to certify a class. That being said, Defendants note that they are currently complying with this Court's Order granting a preliminary injunction and have ensured that Plaintiff's supervision terms are being carefully reviewed in order to address his disabilities and that any future technical violations are closely reviewed to ensure Plaintiff's disabilities are properly addressed.

**Matters Discussed by the Parties Pursuant to Local Civil Rule 16.3**

**1.     Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.**

The parties believe that the Court will be able to dispose of this matter by summary judgment. As discussed below in Item (6), Plaintiff intends to move for summary judgment 30 days after the close of discovery.

**2.     The date by which any other parties shall be joined, or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

Plaintiff proposes a deadline for joinder of parties or amendments of the pleadings by two weeks after the close of discovery. Defendants' Answer, which admitted that Defendants are aware that high numbers of people under supervision have disabilities and may need reasonable accommodations, Answer ¶¶ 22-23; 55-56; 148, and that Defendants lack a formal system to assess accommodation needs, to provide accommodations, or to notify supervisees of their rights to reasonable accommodations, Answer ¶¶ 42-44; 149-150, has narrowed some of the factual issues in this case.

**3.     Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

The parties do not have mutual agreement on referral of this case to a magistrate judge.

**4.     Whether there is a realistic possibility of settling the case.**

The parties are still in the process of assessing whether there is a realistic possibility of settling the case.

**5.    Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

Depending on Defendants' authority to negotiate a court-enforceable settlement agreement, the parties believe the case might benefit from ADR procedures, but note that the parties will not be in a position to assess that more fully until after an initial exchange of discovery.

**6.    Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

The parties believe this case can be resolved by summary judgment motion. Plaintiff intends to file a motion for summary judgment. The parties have agreed on the following schedule, subject to the Court's approval and calendar: Plaintiff's motion for summary judgment will be due 30 days after the close of discovery; Defendants' opposition will be due 30 days thereafter; and Plaintiff's reply will be due 21 days thereafter.

**7.    Whether the parties should stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1), and if not, what if any changes should be made in the scope, form, or timing of those disclosures.**

Plaintiff does not believe he has any discoverable information not already in Defendants' possession. The parties do not wish to dispense with initial disclosures. The parties agree to exchange initial disclosures under Fed. R. Civ. P. 26(a)(1)(C) on November 6, 2024.

**8. The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

The parties propose a nine-month discovery period ending nine months after the Court issues a discovery order, that consists of written discovery (requests for admission, requests for production, and interrogatories) according to the procedures and limits prescribed by Federal Rules of Civil Procedure 33, 34, and 36, and up to ten total depositions per side.

The parties stipulate that by providing any document or other information in its possession, no party waives any privileges, objections, or protection otherwise afforded to it by law or equity. A party shall promptly return to a producing party any material that the producing party identifies as privileged material that has inadvertently been produced in this action.

**9. Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

The parties do not anticipate any issues relating to the preservation of electronic information and are preserving all relevant electronically stored information pending discovery.

**10. Any issues about claims of privilege or of protection as trial-preparation materials, including - if the parties agree on a procedure to assert these claims after production - whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

The parties reserve the right to assert any and all applicable privileges, and each party expects the other to provide an adequate and detailed privilege log pursuant to Federal Rule of

Civil Procedure 26(b)(5), if any privileges are claimed, so that they may have a basis to determine whether a motion to compel is necessary.

**11.    Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2), should be modified, and whether and when depositions of experts should occur.**

Plaintiff intends to designate one to three expert witnesses and will provide written reports consistent with Federal Rule of Civil Procedure 26(a)(2)(B) by May 15, 2025. Defendants will designate rebuttal experts and provide written reports consistent with Federal Rule of Civil Procedure 26(a)(2)(B) within forty-five days of receiving Plaintiff's expert designations and reports.

After expert reports are exchanged, the parties anticipate taking depositions at a mutually agreeable time. The parties agree that all other requirements of Federal Rule of Civil Procedure 26 regarding experts shall apply.

**12.    In class actions, appropriate procedures for dealing with Rule 23, Fed. R. Civ. P. proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

The parties have agreed upon a briefing schedule for Plaintiff's renewed motion for class certification and appointment of class counsel. Plaintiff filed his motion on October 3, 2024. Defendants' Opposition is to be filed by November 4, 2024, and Plaintiff's Reply is to be filed by November 18, 2024. *See* Dkt. 36. Plaintiff requests oral argument on the motion; Defendants take no position on this request. The parties do not believe an evidentiary hearing is required.

**13.    Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

The parties do not believe bifurcation is necessary for discovery, but reserve their rights to reconsider the possibility of bifurcation of trial into liability and remedial phases after the close of discovery.

**14.    The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

The parties ask that this Court set a pretrial conference date following its decision on Plaintiff's motion for summary judgment only if necessary and subject to the Court's availability.

**15.    Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The parties believe the Court should set a trial date following a decision on Plaintiff's motion for summary judgment if necessary.

**16.    Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

The parties have attached their proposed scheduling order.

Dated: October 15, 2024

Respectfully submitted,

*/s/* Zoé Friedland\_\_\_\_
HANNA M. PERRY
D.C. Bar No. 90003756
hperry@pdsdc.org
ZOÉ FRIEDLAND
D.C. Bar No. 1781910
zfriedland@pdsdc.org
PUBLIC DEFENDER SERVICE FOR THE
    DISTRICT OF COLUMBIA
633 3rd Street NW
Washington, D.C. 20004
Tel.: (202) 579-0633

ALLISON FRANKEL (*Pro Hac Vice*)
afrankel@aclu.org
ASHIKA VERRIEST
D.C. Bar No. 90001468
averriest@aclu.org
AMERICAN CIVIL LIBERTIES UNION
    FOUNDATION
125 Broad Street
New York, NY 10004
Tel.: (617) 650-7741

SCOTT MICHELMAN
D.C. Bar No. 1006945
smichelman@acludc.org
MICHAEL PERLOFF
D.C. Bar No. 1601047
mperloff@acludc.org
AMERICAN CIVIL LIBERTIES UNION
    FOUNDATION OF THE DISTRICT OF
    COLUMBIA
529 14th Street NW, Suite 722
Washington, D.C. 20045
Tel.: (202) 457-0800

SAMIR DEGER-SEN
D.C. Bar No. 1510881
samir.deger-sen@lw.com
LATHAM & WATKINS LLP
1271 Avenue of the Americas

8

New York, NY 10020
Tel.: (212) 906-1200
Fax: (212) 751-4864

PETER E. DAVIS
D.C. Bar No. 1686093
peter.davis@lw.com
CHRISTINE C. SMITH
D.C. Bar No. 1658087
christine.smith@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, D.C. 20004
Tel.: (202) 637-2200
Fax: (202) 637-2201

*Attorneys for Plaintiff and the Proposed Class*


*and*


MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:     */s/ Kartik N. Venguswamy*
KARTIK N. VENGUSWAMY
D.C. Bar #983326
Assistant United States Attorney
601 D Street, NW
Washington, D.C. 20530
(202) 252-1790
kartik.venguswamy@usdoj.gov

*Attorneys for the United States of America*

9