UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| W. MATHIS, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>UNITED STATES PAROLE )<br>COMMISSION, *et al.*, )<br>)<br>Defendants. ) | Civil Action No. 1:24-cv-01312-TNM |

## AFFIDAVIT OF FREDERICK HELENIHI

I, Frederick Helenihi, make this declaration according to 28 U.S.C. § 1746, under penalty of perjury:

1. I am a hearing examiner for the United States Parole Commission ("the Commission"), with offices at 90 K Street NE, Washington, D.C. 20530.

2. I have been a Hearing Examiner for the U.S. Parole Commission since May 2019. My primary responsibility is to conduct all types of hearings for the Commission – parole, revocation, probable cause, and termination hearings – by taking testimony, making findings of fact, compiling hearing summaries, and recommending action for the Commission.  From May 2015 to May 2019, I worked as a Case Analyst at the Commission. Some of my duties included reviewing violation reports from Community Supervision Officers ("CSOs") and recommending actions and preparing warrants or letters of reprimand. I also reviewed requests for additional conditions of supervised release or parole and annual reports of performance on supervision, along with recommending an appropriate course of action. Prior to joining the Commission, I was a CSO for the Court Services and Offender Supervision Agency ("CSOSA") from October 2011 to May 2015. At CSOSA, I supervised offenders on parole, supervised release, and

probation, enforcing the rules of supervision through graduated sanctions, connecting them with services, and checking in with them and collateral contacts through in-office, home, and telephonic visits. In my role as a CSO, I would send to the Commission, as appropriate, violation reports requesting Commission action, annual reports, or requests for additional conditions.

3. The Commission's role in the supervision of an individual on parole or supervised release occurs in two phases. First, the Commission is responsible for setting the general conditions of parole or supervised release to accompany an individual's release to supervision along with any special conditions that may be appropriate. Once those conditions are set, the individual's CSO is responsible for determining what the detailed requirements of supervision will be. Second, the Commission is responsible for reviewing referrals from CSOSA alleging that a parolee or supervised releasee has violated a condition of his or her parole and making a determination of whether a violation has occurred and, if so, whether to revoke parole or supervised release.

4. The Commission imposes the general and, if appropriate, special conditions of parole or supervised release at the time the individual is released from prison. In the case of parole, the Commission typically has months of advance notice of the release date. Generally, in parole cases, parole conditions are imposed at a hearing where parole is granted, at which point the individual and his or her attorney may challenge the contemplated conditions and raise any arguments against them, including how a disability might prevent the individual from meeting those conditions. In supervised release cases, the Commission typically has much shorter notice of the release date or no notice at all. For both supervised releasees and parolees, however, if they believe they require a reasonable accommodation or modification of the general or special conditions due to a disability, they may raise that

with the Commission at any time, before or after their release. For example, if an individual had a disability requiring medical use of a drug that would violate the general conditions regarding drug use, they could request a modification of that general condition from the Commission. When an individual alleges a disability and indicates that he or she requires a reasonable accommodation, the Commission assesses the alleged disability and determines whether a reasonable accommodation is required.

5.  If CSOSA believes that a parolee or supervised releasee has failed to comply with the conditions of parole or supervised release (which include not only the general and special conditions imposed by the Commission, but also the detailed requirements imposed by CSOSA under that framework), CSOSA submits an alleged violation report to the Commission. The Commission then assesses the information submitted to determine whether there is enough information to pursue a potential revocation. At times, the Commission may determine on the face of the referral that no action against the parolee or supervised releasee is warranted. This may occur, for example, where the Commission believes an accommodation of some kind would be more appropriate than a revocation proceeding. In such cases, the Commission informs CSOSA that it is declining to pursue a revocation proceeding and instead may recommend that CSOSA work with the parolee or supervised releasee to develop an appropriate accommodation or other means of addressing the person's particular circumstances and needs.

6.  If the Commission determines that the alleged violations referred by CSOSA justify initiating proceedings against the parolee or supervised releasee, the Commission issues a warrant or summons for the parolee or supervised releasee based on the alleged violation. After the summons is responded to or the warrant is executed, the Commission holds a probable cause hearing. If it finds probable cause, it holds a revocation hearing to

determine whether the individual's parole or supervised release will be revoked and, if so, what the repercussions will be. Where the Commission is aware of a disability that the parolee or supervised releasee has and the Commission is persuaded that that disability prevented or hindered the individual from satisfying the conditions of supervision, the Commission generally reinstates the individual to supervision rather than imposing prison time for the violation. If the alleged disability-related inability to comply with the conditions of supervision relates to a general or special condition, the Commission assesses whether a reasonable accommodation is required and, if so, provides it by modifying the condition at issue. If, on the other hand, the alleged difficulty lies with the details of supervision prescribed by CSOSA, the Commission cannot unilaterally modify those conditions but can recommend that they be adjusted.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 4th day of November, 2024.

FREDERICK HELENIHI
Digitally signed by FREDERICK HELENIHI
Date: 2024.11.04 11:15:36 -05'00'

FREDERICK HELENIHI
Hearing Examiner
United States Parole Commission